IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHON JEFFERSON,<br>  Petitioner, | § § § | |
| v. | § § | 3:16-CV-1650-O<br>3:09-CR-0199-O |
| UNITED STATES OF AMERICA,<br>  Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's petition to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the foregoing reasons, the Court dismisses the petition as barred by the statute of limitations.

I.

On November 24, 2009, a jury found Petitioner guilty of (1) unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count One); (2) possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Two); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). On April 27, 2010, the Court sentenced Petitioner to a total of 420 months in prison. On July 13, 2011, the Fifth Circuit Court of Appeals affirmed. *United States v. Jefferson*, 432 Fed. App'x 382 (5th Cir. 2011). On November 14, 2011, the Supreme Court denied Petitioner's petition for writ of certiorari.

On June 9, 2016, Petitioner filed the instant § 2255 petition. He argues his

sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA). On August 19, 2017, the government filed its response arguing that the petition is barred by the statute of limitations. Petitioner did not file a reply.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, Petitioner's conviction became final on November 14, 2011, when the Supreme Court denied certiorari. *See United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000). He then had one year, or until November 14, 2012, to file his § 2255

2

petition. He did not file his petition until June 9, 2016. His petition is therefore untimely under § 2255(f)(1).

Petitioner claims his petition is timely under § 2255(f)(3) based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court considered the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." (*Id.*) The Court found the residual clause to be unconstitutionally vague. Although Petitioner was not sentenced under the ACCA, he argues that the career offender enhancement under USSG § 4B1.2(a)(2) contains the same language as the ACCA's residual clause, and therefore his enhanced sentence under § 4B1.2(a)(2) is unconstitutional.

Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), Petitioner's claims are without merit. *Beckles* held that the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. The *Johnson* decision therefore does not extend Petitioner's limitations period.

**2.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to allege facts showing he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

III.

The petition to vacate, set-aside, or correct sentence under § 2255 is DISMISSED as barred by the statute of limitations.

IT IS SO ORDERED.

Signed this 13th day of November, 2017.

REED O'CONNOR
UNITED STATES DISTRICT JUDGE